IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RENASANT BANK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 12-0689-WS-C |
| | ) |
| **PARK NATIONAL CORPORATION,** | ) |
| *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter comes before the Court on the parties' Joint Renewed Motion for Stay of Action (doc. 50) and plaintiff's Unopposed Motion for Extension of Time (doc. 49).

With respect to the Motion for Stay, the parties are jointly requesting that this action be stayed for a period of 90 days to allow time for defendant SE Property Holdings, LLC ("SEPH") to engage in collection, liquidation and recovery of assets in connection with the underlying indebtedness owed by certain non-parties to SEPH.  In that regard, SEPH represents to the Court that these efforts (including a foreclosure sale of collateral property which is slated to occur on July 11, 2013) "are likely to yield sufficient funds to facilitate a compromise of some or possibly all of the claims asserted in this litigation," and that "there is a substantial likelihood" that such efforts will "at least substantially narrow the issues" joined herein.  (Doc. 50, at 2.)  For its part, plaintiff, Renasant Bank, states that it lacks personal knowledge of these facts, but that it agrees there is a "possibility that the fruits of SEPH's collection efforts may facilitate a compromise between the parties to this action."  (*Id.* at 3.)

As this Court has previously acknowledged, the law is clear that district courts are vested with broad discretion to stay proceedings, which authority is incidental to their inherent powers to control their dockets and the course of particular litigation.  *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ("[T]he power to stay

proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("district courts have inherent, discretionary authority to issue stays in many circumstances"). In exercising this discretion, district courts have considered such factors as: "(1) whether the litigation is at an early stage …; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp.2d 915, 920 (W.D. Wis. 2010).

Although the Court denied the parties' initial Joint Motion for Stay (doc. 46) filed earlier this month, their renewed motion sets forth additional facts lending persuasive support to the parties' request. Based on the specific facts identified in this latest filing, the Court agrees that entry of a 90-day stay is substantially likely to simplify the issues, streamline the trial, and reduce the burden of litigation on the Court and parties alike. Moreover, because all parties have requested such relief, there is no concern that entry of a stay will unfairly prejudice or disadvantage any party. And this case is sufficiently early in its lifespan that the contemplated 90-day stay should not disrupt the applicable Rule 16(b) Scheduling Order (doc. 47) in any material way.

In light of the foregoing, the Court finds that there are considerable benefits to entry of a temporary stay at this time to enable SEPH to focus on collection efforts as to the underlying debtor/guarantors, with the substantial possibility that such efforts may pave the way for a reasonable compromise or at least a narrowing of the claims and issues joined in this litigation. Moreover, a stay will accomplish these benefits with a negligible risk of undue delay, prejudice or harm to any party. Because entry of the requested stay will serve the interests of justice, the Court exercises its discretion by **granting** the Joint Renewed Motion for Stay of Action (doc. 50). This action, and all deadlines therein, is hereby **stayed**. The stay will expire by its terms effective **September 23, 2013**. The parties are **ordered** to file a joint status report on or before **September 20, 2013**, updating the Court on the status of SEPH's collection efforts and the parties' attempts to resolve their dispute. Regardless of the ultimate success of such endeavors,

-3-

the parties' status report must make a specific showing that they have been diligent and that they have made good, productive use of the 90-day stay allotted to them.

Also pending is plaintiff's Unopposed Motion for Extension of Time.  Pursuant to the Order (doc. 45) entered on May 29, 2013, plaintiff's response to SEPH's Counterclaim was due on or before June 21, 2013.  In its timely Motion for Extension, plaintiff requests that its deadline for filing this responsive pleading be extended until two weeks after the stay is lifted.  For cause shown, and in the absence of any meaningful risk of prejudice to any other party, the Motion for Extension (doc. 49) is **granted**.  Plaintiff's response to SEPH's Counterclaim must be filed on or before **October 7, 2013**.

DONE and ORDERED this 25th day of June, 2013.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE